**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-02898 REB-KMT

TAXSALELISTS.COM, LLC, a Nevada Corporation,

    Plaintiff,

vs.

MATTHEW RAINER,
EVA RAINER,
MICHAEL RAINER,
LISA RAINER,
RICHARD J. DAWSON,
ERICA SAENZ,
JOSEPH SNELLING,
RICHARD MEDEIROS,

    Defendants.

## ***EX PARTE* TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

This matter is before me on the plaintiff's ***Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2][1] filed December 10, 2009. I grant the motion for *ex parte* temporary restraining order, set briefing deadlines, and set a hearing on the plaintiff's motion for preliminary injunction.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

A temporary restraining order or preliminary injunction is extraordinary relief. A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) that the injunction, if issued, would not be adverse to the public interest.  ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980); ***Heideman v. S. Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent).  In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED. R. CIV. P. 65(b).  On balance, the record in this case demonstrates that these factors weigh heavily and compellingly in favor of injunctive relief, initially in the form of a temporary restraining order.[2]

Under FED. R. CIV. P. 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse party only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[2] Although not addressed in the briefing, I note that a party seeking a mandatory temporary restraining order or preliminary injunction – an injunction that directs a party to take action – bears the heavier burden of showing that the factors listed above weigh heavily and compellingly in the movant's favor.  ***See, e.g., U.S. v. Power Engineering Co.***, 191 F.3d 1224, 1230 (10th Cir. 1999).  The evidence in this case satisfies this standard.

FED. R. CIV. P. 65(b)(1)(A) & (B).  I find and conclude that the requirements of Rule 65(b)(1) have been satisfied and that an *ex parte* temporary restraining order is proper in this case.

### III.  BACKGROUND

The factual background outlined here is derived from the exhibits attached to the plaintiff's ***Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] filed December 10, 2009, primarily the Affidavit of John Lane, Exhibit One to that motion.  Lane is the majority owner and manager of the plaintiff, Taxsalelists.com, LLC.  Taxsalelists is in the business of providing complete property tax sale lists from around the country to a number of mortgage companies and tax servicing companies.  In addition, Taxsalelists provides such lists to individual buyers and to affiliate companies who provide tax sale instruction to their customers.  These companies market subscriptions to Taxsalelists's services via web sites that use Taxsalelists's data, but which appear to be the web site of the affiliate company.  The affiliate companies share revenue with Taxsalelists.  Further, the plaintiff sells an instructional course about tax sales to its clients.  Taxsalelists does not rent its database and has not sold any portion of its database to anyone over the life of its business.  Taxsalelists has implemented various security measures to protect the data it maintains on its computers.

In 2008, Lane hired his two stepsons and their wives to work for Taxsalelists.  Matthew Rainer and his wife, Eva Rainer, were hired in early 2008.  Later in 2008, Michael Rainer and his wife, Lisa Rainer, were hired.  These four individuals are named as defendants in this case and the plaintiff seeks a temporary restraining order against these four defendants.  In this order, when I refer collectively to Matthew, Eva, Michael,

and Lisa Rainer, I will refer to them as the Rainer defendants. Matthew and Eva Rainer quit their jobs with Taxsalelists on July 27, 2009, and moved to California. Michael and Lisa Rainer still are employed by Taxsalelists and work for the company from their home in Arizona.

On November 23, 2009, Lane accessed the email server used by Taxsalelists with the intent of clearing out old email addresses and other unused information. In the course of this effort, Lane discovered that the password for the email account for Matthew Rainer, who no longer was an employee of Taxsalelists, had been changed after Matthew Rainer left the company in July, 2009. Lane discovered also that Matthew Rainer's email inbox was full of current email. After examining information in Matthew Rainer's Taxsalelists email in box, Lane concluded that Matthew Rainer, while still employed by Taxsalelists, had set his personal Gmail email account to forward email to his Taxsalelists email address. Apparently, this arrangement was not changed after Matthew Rainer quit his job with Taxsalelists.

Review of Matthew Rainer's emails on his Taxsalelists email account indicated that Matthew Rainer was working with Richard J. Dawson, who operates web sites that are direct competitors of Taxsalelists, and that Matthew Rainer had been in contact with Dawson before Matthew Rainer ended his employment with Taxsalelists. Lane concluded also that as late as October 18, 2009, Matthew Rainer and Eva Rainer had accessed confidential records on Taxsalelists's account at Infusionsoft, where Taxsalelists keeps a copy of its client database.

Matthew Rainer's emails revealed also that: 1) Michael and Lisa Rainer, who both currently are employed by Taxsalelists, also are working for and supplying confidential information owned by Taxsalelists to Matthew Rainer and Dawson; 2)

4

Matthew Rainer is working in concert with Eva Rainer, Michael Rainer, and Lisa Rainer to sell the contents of Taxsalelist's database and customer list to Dawson and to offer it to others; and 3) Matthew Rainer has approached a number of Taxsalelists's competitors, in addition to Dawson, and offered to provide Taxsalelists's email list to those competitors for the purpose of marketing the competitor's products to those on Taxsalelists's email list.

Based on the content of the emails of Matthew Rainer, Lane believes that some or all of the four Rainer defendants are in possession of confidential and proprietary documents that they copied to their computers and likely emailed to each other. Michael and Lisa Rainer, who still are employed by Taxsalelists, are in possession of two computers owned by Taxsalelists which were provided to Michael and Lisa Rainer for their use as employees in connection with the business of Taxsalelists.  Michael Rainer, by virtue of his position as the Financial and Administrative Manager of Taxsalelists, has possession of all of the financial and accounting records of Taxsalelists, including banking records, financial ledger records, Quick Books records, and all merchant account records.  Based on the information Lane has discovered to date, Lane believes that there is a high probability that Michael and Lisa Rainer will not voluntarily surrender the property and records of Taxsalelists that currently is in the possession of Michael and Lisa Rainer without a court order.  Based on the same information, Lane believes also that the Rainer defendants will seek to eliminate evidence of their unlawful activities and to destroy or alter computer hard drives and other devices containing evidence of their actions if they are given prior notice of Taxsalelists motion for temporary restraining order.  On this basis, Taxsalelists seeks an *ex parte* temporary restraining order.

## IV. ANALYSIS

I conclude that Taxsalelists has satisfied all of the required elements for the entry of an *ex parte* temporary restraining order, as summarized below.

### A. Likelihood of Success on the Merits

Taxsalelists asserts claims for 1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4); 2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4)(A); 3) quantum meruit and unjust enrichment; 4) conversion and civil theft; 5) breach of employees' duty of loyalty and fiduciary duty to employer and aiding and abetting such breaches; 6) intentional interference with contracts and prospective business relations; 7) civil conspiracy to defraud; and 8) fraudulent concealment. Given the facts alleged in the plaintiff's ***Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] filed December 10, 2009, and evidenced in the Affidavit of John Lane, Exhibit One to that motion, I find and conclude that Taxsalelists has established a likelihood of success on the merits of each of these claims.

### B. Irreparable Injury

To establish irreparable injury for the purpose of a temporary restraining order, the plaintiffs must show that they will suffer irreparable injury, and that the irreparable injury is of such imminence that there is a clear and present need for equitable relief to prevent the harm. ***Heideman v. S. Salt Lake City***, 348 F.3d 1182, 1189 (10th Cir. 2003). Here, the evidence demonstrates a strong likelihood that the Rainer defendants unlawfully obtained information from Taxsalelists's computer system, are selling or seeking to sell Taxsalelists's confidential and other protected information to competing enterprises, and are using that information to conduct a competing enterprise.

Particularly when documents such as database information that is the foundation of Taxsalelists's business, customer lists, and contact lists are being used improperly by one or more competing enterprises, and the evidence in this case indicates such information is being used improperly in such a fashion, Taxsalelists will suffer injuries that are irreparable because they are difficult or impossible to measure.  Thus, the injuries at issue here are imminent and, in fact, likely are ongoing.

### C.  Balance of Harms

The evidence currently in the record indicates that the Rainer defendants unlawfully obtained confidential and proprietary information from Taxsalelists and are using that information to support competing enterprises and to conduct a competing enterprise.  The defendants will suffer no harm that is recognized in law if they are prohibited from unlawfully obtaining information from Taxsalelists and from using information to which they have no legal right or which they have no legal right to use to support competing enterprises or to conduct a competing enterprise.  On the other hand, the harm suffered by Taxsalelists from the theft and unlawful use of this information is substantial.  The balance of harms weighs heavily in favor of Taxsalelists.

### D.  Public Interest

I find that there is no indication that the proposed temporary restraining order would be adverse to the public interest.  Prohibiting the Rainer defendants from using, copying, distributing, or destroying information they obtained unlawfully from Taxsalelists  would, if anything, tend to serve the public interest.

### E.  *Ex Parte* Order

Under FED. R. CIV. P. 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse parties only if (1) specific facts in evidence

show that immediate and irreparable harm will be suffered by the movant before the adverse party can be heard; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required.

The evidence in the record demonstrates clearly that Taxsalelists is suffering ongoing and irreparable harm as a result of the Rainer defendants' actions and that such harm will be suffered by Taxsalelists before the defendants can be heard. Taxsalelists has not certified in writing any efforts it has made to give notice to the defendants. Rather, Taxsalelists notes in its motion for temporary restraining order circumstances indicating that the Rainer defendants are likely to take actions to alter, erase, or otherwise modify or destroy evidence in their possession that is important to this case. I conclude that under the circumstances evidenced in the record, notice to the defendants should not be required before a temporary restraining order is entered because of the risk that the Rainer defendants, after receiving notice, will take actions to alter, erase, or otherwise modify or destroy evidence in their possession that is important to this case.

### F.  Bond

FED. R. CIV. P. 65(c) provides that a court may issue "a temporary restraining order only if the movant gives security" in an amount determined by the court. I read this language as jussive. It requires the movant to give security in an amount determined by the court, if a temporary restraining order is issued. In the circumstances of this case, I find and conclude that security in the amount of one hundred dollars ($100.00) is sufficient to serve the purposes established in Rule 65(c).

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the plaintiff's *Ex Parte* **Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] filed December 10, 2009, is **GRANTED EFFECTIVE FORTHWITH** to the extent the plaintiff requests the entry of a temporary restraining order;

2.  That effective forthwith the defendants, Matthew Rainer, Eva Rainer, Michael Rainer, and Lisa Rainer, together with their agents, servants, employees, attorneys-in-fact, or anyone acting on their behalf, are **TEMPORARILY ARE ENJOINED AND RESTRAINED** from

   A. accessing the plaintiff's confidential and proprietary business information, email/customer lists, and other materials and property;

   B. using, selling, or transmitting to any person any of the plaintiff's confidential and proprietary business information, email/customer lists, and other materials and property;

   C. contacting any of the plaintiff's customers or contacts contained on the plaintiff's email/customer lists;

   D. deleting, destroying, or otherwise altering any computers and the information contained on the hard drives thereon that are in the possession of the Matthew Rainer, Eva Rainer, Michael Rainer, or Lisa Rainer but owned by the plaintiff, in particular a Dell Desktop model computer, serial # 89582-OEM-7332157-00204; and a Dell Studio laptop computer, Model PP31L, serial # 24775251661;

   E. deleting, destroying, or otherwise altering any information relating to the

plaintiff's business, including without limitation, the plaintiff's financial and accounting records, customers, contacts, sales, marketing, strategies, and business plans, that are in the possession of defendants, Matthew Rainer, Eva Rainer, Michael Rainer, or Lisa Rainer;

F. deleting, destroying, or otherwise altering any correspondence, including paper correspondence and electronic messages (email, text messages, instant computer messages, and chats), originated from or received by any and all the defendants in this action and customers or contacts contained on the plaintiff's email/customer list; and

3. That effective forthwith Defendants Michael Rainer and Lisa Rainer is **ORDERED** to

A. **SURRENDER** to the plaintiff or its authorized agent the two computers in their possession that belong to the plaintiff, specifically a Dell Desktop model computer, serial # 89582-OEM-7332157-00204, and a Dell Studio laptop computer, Model PP31L, serial # 24775251661; and

B. **SURRENDER** to the plaintiff or its authorized agent all documents and files, including both paper documents and electronically stored files, currently in their possession that belong to the plaintiff, specifically the plaintiff's financial and accounting records, which include the plaintiff's banking account records, cancelled checks, checkbook and blank checks, general financial ledger, QuickBooks accounts and records, and all merchant account records;

4. That on or before December 17, 2009, at 12:00 p.m. (noon) mountain standard time, the defendants, Matthew Rainer, Eva Rainer, Michael Rainer, and Lisa Rainer,

shall file a response to the plaintiff's *Ex Parte* **Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] filed December 10, 2009;

5. That on or before December 21, 2009 at 12:00 p.m. (noon) mountain standard time, the plaintiff **SHALL FILE** a reply in support of the plaintiff's *Ex Parte* **Motion for Temporary Restraining Order and Motion for Preliminary Injunction** [#2] filed December 10, 2009;

6. That the court **SHALL CONDUCT** a hearing on the plaintiff's motion for preliminary injunction on **Tuesday, December 22, 2009, at 1:30 p.m.**;

7. That the court reserves the remainder of the day, if necessary, to conduct the hearing, with the available time to be divided equally between the parties, unless otherwise agreed by the parties or ordered by the court;

8. That this Temporary Restraining Order **SHALL REMAIN IN EFFECT** until 4:30 p.m., Friday, December 25, 2009, unless sooner modified or rescinded;

9. That under FED. R. CIV. P. 65(c), plaintiff Taxsalelists.com, LLC., a Nevada corporation, is **ORDERED** to deposit with the clerk of the court a bond in the amount of one hundred dollars ($100.00) for the payment of such costs and damages as may be suffered by any party later found to have been wrongfully restrained;

10. That the bond shall be deposited with the clerk of the court on or before Monday, December 14, 2009, at 5:00 p.m. (mountain standard time); and

11. That the plaintiff shall serve a copy of a summons, the complaint, the motion for temporary restraining order and preliminary injunction, and this *Ex Parte* Temporary Restraining Order on each of the Rainer defendants as soon as practicable.

Dated at Denver, Colorado this 11th day of December, 2009, at 4:30 p.m.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

12