IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02898–REB–KMT

TAXSALELISTS.COM, LLC, a Nevada corporation,

    Plaintiff,

v.

MATTHEW RAINER,
EVA RAINER,
MICHAEL RAINER,
LISA RAINER,
RICHARD J. DAWSON,
ERICA SAENZ,
JOSEPH SNELLING, and
RICHARD MEDEIROS

    Defendants.

and

JOHN G. LANE,

    Third Party Defendant.

# ORDER

This matter is before the court on "Plaintiff's Motion for Leave to Amend Complaint." (Doc. No. 60, filed May 7, 2010 [hereinafter "Mot."].) Defendants Matthew Rainer, Eva Rainer, Michael Rainer, Lisa Rainer, Erica Saenz, and Richard Medeiros (hereinafter "Defendants") filed a Response on May 14, 2010. (Doc. No. 62 [hereinafter "Resp."].) Plaintiff filed a Reply on May 17, 2010. (Doc. No. 63 [hereinafter "Reply"].) In its Motion, Plaintiff seeks to amend

its Complaint (Doc. No. 1, filed Dec. 10, 2009) to maintain the existing allegations of its Complaint against a new party, Conversion Marketer, LLC, a company allegedly formed by two current defendants to engage in the various wrongful and tortious acts already alleged. (Mot. ¶¶ 1–3.) Plaintiff also seeks to modify the caption in this case to reflect that Plaintiff is a "Nevada Limited Liability Company" rather than a "Nevada Corporation" as currently indicated. (*Id.* ¶ 4.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

As a threshold matter, the Scheduling Order entered in this case specified that the deadline for joinder of parties and amendment of pleadings was May 15, 2010. (Doc. No. 58 ¶ 9(a), entered Apr. 1, 2010 [hereinafter "Scheduling Order"].) Plaintiff's Motion was filed on May 7, 2010, and is therefore patently timely. (*See* Mot.) Nonetheless, Defendants object to Plaintiff's Motion on two separate grounds.

First, the court construes Defendants' argument that "Plaintiff is alleging claims for relief against Conversion Marketer, LLC which could not lie as a matter of law" (Resp. ¶ 3) to maintain that Plaintiff's proposed amendments are futile. "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, a complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)).

Here, the court finds that Defendants' argument that Plaintiff's proposed amended claims are futile is, at best, conclusory. Indeed, in support of its otherwise conclusory position that Plaintiff's proposed amendments "could not lie as a matter of law," Defendants attempt to place the cart before the horse by maintaining that Plaintiff's amended claims are not supported by any

3

evidence or facts.  This may prove true at a later stage in this litigation, but for the moment the court is not concerned with "whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).  Thus, Defendants' argument that there is no evidence to support Plaintiff's proposed amendments is premature and otherwise necessarily reaches beyond the face Plaintiff's proposed Amended Complaint.  Accordingly, the court finds that Defendants have failed to demonstrate that Plaintiff's proposed amendments are futile.

The court next construes Defendants' argument that Plaintiff's proposed amendments are "just a further attempt to cause undue hardship and burden" (Resp. ¶ 4) to assert that allowing Plaintiff to amend its Complaint would be unduly prejudicial.  The "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."  *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983).  "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter*, 451 F.3d at 1208.

Here the court finds that the subject matter underlying Plaintiff's proposed amendments is largely the same as that underlying Plaintiff's original Complaint.  The only shift is to maintain the existing allegations against a new Defendant, Conversion Marketer LLC, which is

4

allegedly operated by two current defendants—Matthew Rainer and Michael Rainer. Moreover, even if the court were to find that Plaintiff's proposed amendments significantly shifted the thrust of this case, the court finds that Defendants have sufficient time to adjust. This case is in its relative infancy; approximately four-and-a-half months remain before the discovery cut-off, dispositive motions are not due for well over five months, and no trial date has been set. (Scheduling Order ¶ 9(b–c).) Accordingly, the court finds that Defendants will not be unduly prejudiced if Plaintiff's Motion is granted.

Finally, Defendants do not allege, and the court otherwise does not find, that Plaintiff's Motion is the result of a bad faith or dilatory motive.

Therefore, it is **ORDERED**

"Plaintiff's Motion for Leave to Amend Complaint" (Doc. No. 60) is **GRANTED**. The Clerk of Court shall file Plaintiff's "First Amended Complaint for Injunctive Relief and Damages" attached to Plaintiff's Motion. (Doc. No. 60–1.) The Clerk of Court shall also modify the caption in this case to reflect that Plaintiff Taxsalelists.com, LLC is a "Nevada Limited Liability Company" rather than a "Nevada Corporation."

Dated this 20th day of May, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge