IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02898–REB–KMT

TAXSALELISTS.COM, LLC, a Nevada limited liability company,

    Plaintiff,

v.

MATTHEW RAINER,
EVA RAINER,
MICHAEL RAINER,
LISA RAINER,
RICHARD J. DAWSON,
ERICA SAENZ,
JOSEPH SNELLING,
RICHARD MEDEIROS, and
CONVERSION MARKETER, LLC, an Arizona limited liability company,

    Defendants,

and

JOHN G. LANE,

    Third Party Defendant.

---

## ORDER

---

This matter is before the court on Defendant Dawson's Unopposed Motion to Amend Affirmative Defenses. (Doc. No. 70 [hereinafter "Mot. Amend"].) Dawson seeks to amend his Answer to Plaintiff's First Amended Complaint to add an affirmative defense asserting that

Defendants Matthew Rainer, Eva Rainer, Michael Rainer, Lisa Rainer, Erica Saenz, Joseph Snelling and Richard Medeiros (the "Rainer Defendants") were not employees, but independent contractors of Dawson. (*Id.* at 2.) Neither Plaintiff nor the Rainer Defendants oppose the motion. (*Id.*)

According to this court's scheduling order, the time for amending the pleadings passed on May 15, 2010. (Doc. No. 58 at 9.) Dawson acknowledges that he filed his motion out of time but argues that, under Federal Rule of Ciivl Procedure 15(a), leave to amend should be freely given "when justice so requires." (Mot. Amend at 2.)

When a motion to amend is filed after the deadline for amending the pleadings, the moving party must demonstrate good cause for amending the scheduling order. FED. R. CIV. P. 16(b)(4). Dawson has not explained his delay in seeking an amendment or otherwise demonstrated good cause for amending the scheduling order. Nevertheless, because the motion is unopposed, the court will consider whether Dawson has satisfied Rule 15(a)'s standard for amending the pleadings.

Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

2

As mentioned, the deadline for amending the pleadings was May 15, 2010. On May 20, 2010, the court granted Plaintiff's motion to file an amended complaint. (Doc. No. 64.) Dawson answered the amended complaint that same day. (Doc. No. 66.) On July 16, 2010, Dawson filed his motion to amend. While Dawson provides no explanation for this two-month delay, neither Plaintiff nor the Rainer Defendants argue undue delay. Moreover, because the motion is unopposed, there is no evidence or argument regarding prejudice, bad faith, dilatory motive, failure to amend in previous amendments, or futility of the amendment. Accordingly, Dawson's Motion to Amend Affirmative Defenses (Doc. No. 70) is granted. Dawson shall file his amended answer by July 23, 2010.

Dated this _21_ day of _July_, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge