IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Civil Action No. 09-cv-02898 REB-KMT

TAXSALELISTS.COM, LLC, a Nevada limited liability company,

    Plaintiff,

v.

MATTHEW RAINER, EVA RAINER, MICHAEL RAINER,
LISA RAINER, RICHARD J. DAWSON, ERICA SAENZ, JOSEPH SNELLING,
RICHARD MEDEIROS and CONVERSION MARKETER, LLC,
an Arizona limited liability company,

    Defendants

and

MATTHEW RAINER, EVA RAINER, MICHAEL RAINER,
LISA RAINER, ERICA SAENZ, JOSEPH SNELLING and RICHARD MEDEIROS,

    Third Party Plaintiffs

v.

JOHN G. LANE,

    Third Party Defendant.

## AGREED PROTECTIVE ORDER

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1)    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2)    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Taxsalelists.com ("TSL"), John G. Lane ("Lane") and Richard J. Dawson, d/b/a

Deedgrabber ("Dawson") and shall include, among other things, the Infusionsoft databases of the respective parties. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

3) CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party's counsel producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a) attorneys actively working on this case;

   b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   d) the Court and its employees ("Court Personnel");

   e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and,

   f) other persons by written agreement of the parties.

4) Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

5) Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL is based upon a good faith belief that the information so designated is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7)

6) Notwithstanding any provisions herein to the contrary, all information previously produced by Dawson to any party pursuant to informal discovery ordered by the Court in its April 1, 2010 Scheduling Order, and all information previously

produced by Dawson to any party pursuant to discovery requests from any party in this matter shall be designated as CONFIDENTIAL and treated as provided herein.

7) Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated by the attorneys for the parties as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party's attorney may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the attorney's designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8) A party's counsel may object to the designation of particular CONFIDENTIAL information by giving written notice to the party's counsel designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties' respective counsel cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party's counsel designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating counsel of a party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the attorney for the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9) At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party's counsel that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where counsel agree to destroy CONFIDENTIAL documents, the destroying counsel shall provide all parties with an affidavit confirming the destruction.

10) This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

  s/Jonathan D. Petersen                           s/Clifford L. Beem
Jonathan D. Petersen                             Clifford L. Beem

*Attorneys for Defendant Dawson*  *Attorney for Taxsalelists.com and John G. Lane*

**AS PER FORM**

Dated this 19th day of October, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge